IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

RODNEY L. BROWN,				No.06-30160-DRH

Defendant.

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is Defendant Brown's motion *in limine* (Doc. 169). Specifically, Defendant Brown argues that evidence tending to show Defendant's escape while incarcerated in the Morris County, Texas jail should be excluded because it does not fall into any category under Federal Rule of Evidence 404(b) and it is unfairly prejudicial under Federal Rule of Evidence 403. However, the Government argues that it is not prejudicial and is relevant to show motive under Federal Rule of Evidence 404(b) (Doc. 173).

Federal Rule of Evidence 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…

**Fed. R. Evid. 404(b)**.

The Seventh Circuit has adopted a four-part test for determining the

admissibility of evidence under 404(b). It requires the Court to determine whether:

> 1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; 2) the evidence shows that the other acts are similar enough and close enough in time to be relevant; 3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and 4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

**United States v. Brown, 31 F.3d 484, 492 (7th Cir. 1995). See also U.S. v. Loyd, 71 F.3d 1256, 1264 (7th Cir. 1995), cert. denied, 517 U.S. 1250 (1996); United States v. Moore, 115 F.3d 1348, 1354 (7th Cir. 1997)**.

The Court finds that the proffered evidence complies with each prong of the test for admissibility under 404(b). As the Government submits, the evidence of Defendant's escape and subsequent fugitive status will not be offered to establish the propensity to commit the bank robbery, but will instead be offered to show Defendant Brown's motive for committing the bank robbery. **See U.S. v. Brooks, 125 F.3d 484, 500 (7th Cir. 1997) (finding that Defendant drug use was not used to establish his propensity to commit the bank robbery, but rather buying more drugs was the motive for committing the robbery)**. Under the second prong, the evidence of the escape is close enough in time to the charged offense. The elapsed time from escape to the bank robbery was two months. The Government is not required to prove the similarity of the acts when the evidence is used to show the Defendant's motive. **U.S. v. Shriver, 842 F.2d 968, 974 (7th Cir. 1988)**. Under the third prong, the Government has submitted an opinion from the Court of Appeals

in the Sixth Appellate District of Texas showing where Defendant Brown's appeal was dismissed because he had escaped from custody. (Doc. 173, Ex. A). Therefore, there is sufficient evidence to support a jury finding that the Defendant committed the similar act. Finally, under the fourth prong, Defendant Brown argues that the evidence of his escape will be unfairly prejudicial under Federal Rule of Evidence 403. However, the Government argues that while all probative evidence is prejudicial, Defendant's escape is not unfairly prejudicial. The Court agrees with the Government's argument that the evidence is not unduly prejudicial. The act does not shock the conscience, as the act of murder or rape might. Further, the Court can give a limiting instruction at the time of introduction of the evidence and at the end of the case.

Therefore, the Government is permitted to introduce evidence of Defendant's escape from jail and his fugitive status to show Defendant's motivation for committing the charged bank robbery, and Defendant's motion *in limine,* is accordingly, **DENIED**.

    **IT IS SO ORDERED.**

    Signed this 9th day of December, 2008.

    /s/    *David R Herndon*

**Chief Judge**
**United States District Court**