# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

RODNEY L. BROWN,

Defendant.                                         No. 06-30160-DRH

## ORDER

**HERNDON, Chief Judge:**

      Before the Court is Defendant Rodney L. Brown's pro se Motion Requesting Pre-trial Transcript be Produced and Furnished as was Ordered (Doc. 246). Defendant Brown requests all pre-trial transcripts in this case as well as the transcript from the Grand Jury Hearing. Defendant Brown argues that at the July 31, 2009 status conference, the Court granted the release of all pre-trial and trial transcripts. The Court first notes, however, that at the July 31, 2009 status conference, the Court granted Defendant's motion requesting the Court to order attorney Turner Rouse to turn over all pre-trial and trial transcripts in his possession (Doc. 242). The Court ordered attorney Rouse to turn over all trial transcripts and any other materials that attorney Rouse had in his possession. Attorney Rouse stated that he only had the trial transcripts and that he would turn those over to Defendant Brown.

      Now Defendant Brown requests all pre-trial transcripts and transcripts from grand jury proceedings. Defendant Brown requests all pre-trial transcripts

including those affiliated with motions, supplements, and decisions for and against Defendant. The Court notes that there are no pre-trial transcripts related to motions or decisions, as the Court did not hold any pre-trial hearings. Thus, these transcripts do not exist.

Defendant Brown also requests transcripts from the grand jury proceedings and argues that the grand jury proceedings will yield information regarding inconsistent testimony of co-defendants. Defendant Brown also argues that the Court granted his request for grand jury transcripts, presumably at the July 31, 2009 hearing. However, as stated previously, the Court only ordered attorney Rouse to turn over any trial transcripts or other related materials in his possession. The Court never ordered grand jury transcripts to be turned over to the Defendant.

As to the grand jury proceeding transcripts, Defendant is not entitled to the production of grand jury transcripts. The Court may authorize disclosure of grand jury transcripts "preliminary to or in conjunction with a judicial proceeding," **FED. R. CRIM. P. 6(e)(3)(E)(i)**, or where the defendants shows "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." **FED. R. CRIM. P. 6(e)(3)(E)(ii)**. The rule allows motions for disclosure of grand jury matters only where the party requesting the information demonstrates a particularized and compelling need for the material. ***See United States v. Baggot*, 463 U.S. 476, 479-80, n.4 (1983); *Illinois v. Abbott & Associates, Inc.*, 460 U.S. 557, 564-67 & n.9 (1983); *Douglas Oil Company of California v. Petrol***

***Stops Northwest*, 441 U.S. 211, 222-25 (1979); *Dennis v. United States*, 384 U.S. 855, 870 (1966); *United States v. Puglia*, 8 F.3d 478, 480 (7th Cir. 1993); *United States v. Campbell*, 294 F.3d 824, 827 (7th Cir. 2002) (per curiam)**. "Disclosure under Rule 6(e) is a rare exception to the rule that grand jury proceedings are closed to the public. Disclosure is appropriate only where the party seeking disclosure demonstrates that his need for the information outweighs the public interest in grand jury secrecy, and the public interest in the sanctity of the grand jury is strong, indeed." ***U.S. v. Campbell*, 294 F.3d 824, 827 n.1 (7th Cir. 2002) (citing *Matter of Grand Jury Proceedings, Special September 1986*, 942 F.2d 1195, 1198 (7th Cir. 1991) ("to overcome these interests, the standard for determining when the traditional secrecy of the grand jury may be broken is deliberately stringent: parties seeking disclosure of grand jury transcripts must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed")).**

      Here, Defendant Brown has not made the required showing to justify disclosure of the grand jury transcripts in this case. Instead, Defendant Brown merely states that the transcript will "yield more fruit of inconsistent and suspect testimony of co-defendants." This belief does not constitute a particularized need to avoid an injustice. He only verbalizes a desire to go on a fishing expedition and that

will not be condoned. Further, Brown has not demonstrated that the need for disclosure is greater than the continued secrecy of the grand jury proceedings. Brown's broad request is also not structured to cover only the material needed. Brown seeks the entire grand jury transcript even though he seems to be only concerned with the testimony of his co-defendants. Therefore, the Court **DENIES** Defendant Brown's motion requesting pre-trial and grand jury transcripts (Doc. 246).

**IT IS SO ORDERED.**

Signed this 6th day of August, 2009.

/s/     *DavidRHerndon*
**Chief Judge**
**United States District Court**