## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**RODNEY L. BROWN,**

**Defendant.**                                          **No. 06-30160-DRH**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

## I.   Introduction

Before the Court is Defendant Rodney L. Brown's Motion for New Trial (Doc. 257), filed pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 33**, to which the Government has filed its opposing Response (Doc. 263). Having reviewed the motion and all of the briefs in support and in opposition, the Court, in its discretion, has determined that a hearing on Defendant's motion is unnecessary. ***See United States v. Hedman*, 655 F.2d 813, 814 (7th Cir. 1981)**.

Rodney Brown was found guilty by a jury as to Counts 1 and 2 (Doc. 187) of the Superseding Indictment (Doc. 50). Count 1 charged Rodney L. Brown with bank robbery by force or violence in violation of **18 U.S.C. §§ 2113(a), 2113(d) and 2**. Count 2 charged him with use of a firearm during and in relation to a crime of violence in violation of **18 U.S.C. §§ 924(c)(1) and 2**.

## II.  Legal Standard

Under **FEDERAL RULE OF CRIMINAL PROCEDURE 33**, a defendant may move for a new trial.  Upon review, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." **FED. R. CRIM. P. 33(a)**.  If the basis for seeking a new trial is not due to new evidence then the Court must determine if a new trial is warranted because there exists a "reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict." ***United States v. Van Eyl*, 468 F.3d 428, 436 (7th Cir. 2006) (citing *United States v. Berry*, 92 F.3d 597, 600 (7th Cir. 1996)).**  A new trial may also be warranted where "trial errors or omissions have jeopardized the defendant's substantial rights." ***United States v. Reed*, 986 F.2d 191, 192 (7th Cir. 1993) (citing *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989)).**  Such a determination is completely within the Court's sound discretion. ***United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989)(citing *United States v. Nero*, 733 F.2d 1197, 1202 (7th Cir. 1984)).**  However, the Court should be mindful that the power bestowed by **Rule 33** to grant a new trial should only be done in the "most 'extreme cases.'" ***United States v. Linwood*, 142 F.3d 418, 422 (7th Cir. 1989) (quoting *United States v. Morales*, 902 F.2d 604, 605 (7th Cir. 1990)).**

## III.  Discussion

According to Brown, justice requires a new trial be granted due to prosecutorial misconduct, improper jury instructions, and errors in evidentiary

rulings (Doc. 257).   Brown specifically asserts *Brady* violations, vouching by the prosecutor, the use of inadmissible 404(b) evidence, and improper jury instructions.

## A.      Timeliness of the Motion for New Trial

Before the Court reaches the merits of Defendant Brown's motion for new trial, the Court must first address the issue of the timeliness of Defendant's motion.   The Government, in its response, argues that Defendant's motion for new trial is time-barred under **Rule 33**'s time limits and that only the portion of Defendant's motion which can be construed as a claim of newly discovered evidence can survive.   Having reviewed the arguments, the Court determines that Defendant's motion is not time barred as the Court had authority to grant Defendant successive extensions of time to file his motion.

Under **Rule 33**, a motion for a new trial based on new evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict.   Any motion for a new trial on other grounds filed more than seven days after the verdict is too late. ***See* Fed.R.Crim.P. 33(b)(2); *United States v. McGee*, 408 F.3d 966, 979 (7th Cir. 2005); *United States v. Washington*, 184 F.3d 653, 659 (7th Cir. 1999).** Only **Rule 33** motions grounded on new evidence have longer time limits. ***United States v. Cavender*, 228 F.3d 792, 802 (7th Cir. 2002).**  While a motion for new trial based on all other grounds must be filed within seven (7) days after a verdict or finding of guilty, the Court may grant a Defendant additional time as long as a motion

for extension of time is filed within the seven day time-period. ***United States v. Ghilarducci*, 480 F.3d 542, 551 n.1 (7th Cir. 2007); *see also* FED.R.CRIM.P. 45(b), FED.R.CRIM.P. 33, Note to 2005 Amendments**.

Defendant Brown first filed his Motion For Extension of Time to File Motion For a New Trial (Doc. 196) on December 29, 2008.  The Court granted Defendant Brown's motion at a status hearing held on February 2, 2009 (Doc. 215). The Court subsequently granted Defendant five additional extensions of time in which to file a motion for new trial (*See* Docs. 222, 235, 245, 252, 256).[1]  At no time did the Government object to the extensions.

The Government argues now that the Court lacked authority to further extend the time limit for filing Defendant's motion for new trial because **Rule 33** does not allow for successive extensions of time.  In support of its argument, the Government cites to **United States v. Hocking, 841 F.2d 735 (7th Cir. 1988)**.  In

---

[1]  In response to Defendant Brown's second motion for extension of time, filed by Brown's newly appointed counsel, the Court gave Brown until sixty (60) days after receipt of the transcripts to file his motion for new trial (**Docs. 221, 222**).  The Court subsequently granted another motion for extension of time so that Brown's newly appointed counsel could review further issues raised by Brown (**Doc. 234, 235**).  Exactly two months after the Court granted Brown's third motion to continue, Brown filed several *pro se* motions including a motion to terminate counsel and proceed *pro se* (**Docs. 240, 241**) as well as another motion for extension of time to file his motion for new trial (**Doc. 243**).  In response, the Court held a status hearing where Brown insistently sought his counsel's withdraw and vehemently requested to proceed *pro se*.  The Court granted those motions as well as granted Brown's motion for extension of time to file a motion for new trial in light of his decision to proceed *pro se* (**Doc. 245**).  On October 5, 2009 the Court granted Brown a further extension of time to finish and submit his motion for new trial (**Doc. 252**).  However, Brown did not file his motion for new trial and the deadline of October 30, 2009 passed.  At Brown's scheduled sentencing hearing on December 11, 2009, Defendant stated that he was confused about the deadline for filing his motion for new trial as well as the objections to the Presentence Investigation Report and needed additional time to complete the motion and objections (**Doc. 256**).  The Court, after advising Defendant that it would be his last continuance, granted Defendant additional time in which to file his motion and re-set the sentencing hearing for January 29, 2010 at 2:30 p.m. (***Id.***).

*Hocking*, the Seventh Circuit held that the district court lacked authority under **Rule 33** to grant defendant a second extension of time in which to file his motion for new trial.  The Seventh Circuit found that the motion was untimely because the district court could not grant a successive extension of time outside of the seven day time period following the trial.  *Id.* **at 737.**  In finding that the district court lacked authority to grant a further extension of time, the Seventh Circuit noted that **Rule 33** does not allow successive extensions and that **Rule 45(b)** expressly forbids it.  *Id.* **at 737.**

However, the Court notes that **Rule 33** and **45(b)** have substantially changed since the decision in *Hockings*.  In 2005, **Rules 33** was amended to remove the requirement that the district court act within seven days after a verdict in extending the deadline for filing a motion for new trial.  *See* **Fed.R.Crim.P. 33 (b)**, **Note to 2005 Amendments**; *Ghilarducci*, **480 F.3d at 550 (previous version of Rule 33 required that motions for new trial not based on newly discovered evidence must be filed within seven days of the verdict or finding of guilt or '"within such further time as the court sets** *during the seven day period.***'" (emphasis added)(quoting Fed.R.Crim.P. 33(b)(2004)).** Further, in line with **Rule 33**, **Rule 45 (b)(2)** prior to the 2005 Amendments stated that the district court "may not extend the time to take any action under [Rule 33] except as stated in those rules."

However, the Amendments removed both the portion of **Rule 33**

requiring the Court to set a new deadline within the seven day period proceeding a verdict, as well as removed the portion of **Rule 45(b)(2)** allowing extensions of time only as provided in **Rule 33**. Now, **Rule 33** allows a Court to act outside of the seven day time period although a Defendant is still required to file his motion within seven days of a verdict or finding of guilt. More importantly for this case, **Rule 33** is now subject to the extension of time requirements in **Rule 45(b)(1)** which provide that: "the court on its own may extend the time, or for good cause may do so on a party's motion made: (A) before the originally prescribed or previously extended time expires; or, (B) after the time expires if the party failed to act because of excusable neglect." *See* FED.R.CRIM.P. 45(b)(1). At the time of the *Hocking's* ruling, **Rules 33** and **45(b)** did not allow for successive extensions because such further extensions would not have been *set* within the seven days after a jury verdict. *See Hocking*, **841 F.2d at 737 (The second extension of time "was not a time fixed within seven days of the jury's verdict.").** Rule 45 and 33, in its current incarnation, allow for an extension of time on motions filed before the "originally prescribed or previously extended time expires." *See* FED.R.CRIM.P. 45(b), Note to **2005 Amendments ("The defendant is still required to file motions under [Rule 33] within the seven-day period specified in those rules. The defendant, however, may consistently with Rule 45, seek an extension of time to file...as long as the defendant does so within the seven-day period.").** The Government has provided no case law to support its position that the Court lacks authority under

the current version of the Rules to grant a successive extension of time to Defendant and the Court has been unable to locate such an authority.

Here, Defendant's first motion for extension was filed December 29, 2008, well within the seven days as provided in **Rule 33.**[2]  Defendant's subsequent motions (excluding his oral motion at the status hearing on December 11, 2009) were all filed before the "previously extended time expire[d]" and were thus timely. Contrary to the Government's argument, the Court had the authority under **Rule 45(b)(1)** to continue to extend the deadline for filing a motion as long as the motions were filed before the previous extension of time had expired.

While Defendant's oral motion at the December 11, 2009 hearing was well outside of the previous extension's deadline, **Rule 45(b)(1)** also allows the Court to extend the time "after the time expires if the party failed to act because of excusable neglect." *See* **FED.R.CRIM.P. 45(b)(1)(B)**.  At the December 11 hearing, Defendant Brown explained that he had not filed a motion for new trial or motion for extension because it was his understanding that the motions were not due until the December 11 hearing.  Defendant Brown also stated that while he had been working on the motions, his time at the library had been limited and that his correspondence with the Public Defender's Office, who were previously assigned to help Defendant

---

[2]  The jury verdict was entered on December 18, 2008.  Excluding holidays and weekends, Defendant's motion for extension of time was timely as it was filed within seven days of the verdict.

obtain research materials for his motion, was interrupted.[3]  While the Court acknowledged that Defendant had several previous extensions of time, the Court determined that a further extension of time was warranted.  Defendant's arguments regarding his inability to timely file his motion constitute "excusable neglect" warranting an additional extension of time even though the previous extension had already expired.  Therefore, Defendant's motion was timely and thus not time-barred.

**B.    *Brady* Materials**

Turning now to Defendant's arguments in support of a new trial, Defendant Brown first argues that he entitled to a new trial because of a violation of ***Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963)**.  Defendant submits that the Government failed to turn over evidence that the Government's witness Caveta Chapman received immunity for several felonies in exchange for her testimony and was also a suspect in a murder investigation.  Further, Defendant contends that Government witness Darrell Gray was a confidential informant and was possibly "working off cases" and received financial compensation.  Specifically, Defendant argues that the Government failed to turn over evidence of the homicide investigation against Chapman, nor did the Government turn over the confidential informant

---

[3] Defendant Brown specifically argued at the December 11 hearing that he had not been receiving mail sent to him from the Public Defender's Office, nor had the Public Defendant Phillip Kavanaugh been receiving mail sent to him from Brown.  Mr. Kavanaugh did advise the Court that he had not received mail supposedly mailed by Defendant Brown.  Defendant Brown indicated that he had not received information that his continuances had been granted.  Mr. Kavanaugh also informed the Court that Defendant Brown might have been confused about the deadline because he had told Defendant that there was a hearing on December 11, 2009.

agreement or evidence of compensation for Gray's acts as a confidential informant.

The Government contends that there was only one piece of evidence that could fall within the category of *Brady* materials, namely evidence that Gray was paid $1,000 by the United States Marshals Service for his assistance in the arrest of Brown's co-defendant Jason Moses. As to the evidence on Caveta Chapman, the Government has checked with numerous agencies, including the Alton Police Department, MEGSI, the United States Marshals Service, and the FBI, and Chapman never received immunity for any felonies nor was she ever a suspect in a murder investigation. Further, the Government did turn over Gray's statement as a confidential information and thus defense counsel was aware of his position as a CI but never requested the agreement from the Government. The Government also checked with the same above-mentioned agencies and determined that Gray was not "working off cases." Thus the only evidence that might result in a *Brady* violation is the evidence regarding compensation to Gray for his assistance in the arrest of Moses which the Government concedes it did not turn over to the Defendant.[4]

*Brady* stands for the principle that the Government has an "affirmative duty to disclose evidence favorable to a defendant and material either to guilt or punishment." ***United States v. Fallon*, 348 F.3d 248, 251 (7th Cir. 2003) (citing**

---

[4] The Government admits that it failed to turn over the materials as to Gray but that it was unaware at the time of trial that Gray was paid by the United States Marshal Service for his assistance in leading authorities to Jason Moses. The Government submits that it did not discover this information until it was researching the arguments presented in Defendant's motion for new trial.

*United States v. Gonzalez*, 93 F.3d 311, 315 (7th Cir. 1996)).  In order to obtain

a new trial for the Government's violation of its obligations under *Brady*, a Defendant

must establish:

> (1) that the prosecution suppressed evidence;
> (2) that the evidence was favorable to the defense; and
> (3) that the evidence was material to an issue at trial.

*United States v. Bland*, 517 F.3d 930, 934 (7th Cir. 2008) (quoting *Untied*

*States v. Silva*, 71 F.3d 667, 670 (7th Cir. 1995)).  *See also United States v.*

*Payne*, 102 F.3d 289, 293 (7th Cir. 1996); *United States v. Baker*, 453 F.3d

419, 422 (7th Cir. 2006).

      The Government concedes the first two prongs of the test.   The

Government admits that it failed to submit the evidence regarding the payment to

Gray for his assistance in locating Brown's co-defendant Jason Moses.  Further, the

Government concedes that the evidence could have been used to impeach Gray.  *See*

*Bland*, 517 F.3d at 934; *United States v. Palivos*, 486 F.3d 250, 255 (7th Cir.

2007) (impeachment evidence is within the *Brady* rule); *Baker*, 453 F.3d at

422 (favorable evidence includes impeachment and exculpatory evidence).

However, Defendant must also meet the third prong of the test in order to find that

a *Brady* violation has occurred.

      Here, Defendant Brown maintains that the evidence regarding Gray was

material but he has not provided any explanation for why that evidence was material

or how the disclosure of the evidence would have resulted in a different outcome at

trial.  Defendant only states that the evidence against him consisted mainly of testimony, making impeachment evidence material.  Under the third prong, evidence is material only if there is a reasonable probability that had the Government disclosed the material to the Defendant then the outcome of the trial would have been different.  **Bland, 517 F.3d at 934 (quoting Silva, 71 F.3d at 670); Payne, 102 F.3d at 293 (citing Kyles v. Whitley, 514 U.S. 419, 421, 115 S.Ct. 1555, 1566 (1995)); Baker, 453 F.3d at 422; Pavilos, 486 F.3d at 255.**  Whether impeachment evidence constitutes a *Brady* violation depends on numerous factors, the most important being the strength of the other evidence against the defendant. **United States v. Lewis, 567 F.3d 322, 328 (7th Cir. 2009)**.

The testimony of Darrell Gray was by no means the only or the best evidence against Defendant Brown.  **Id. at 328; United States v. Wilson, 481 F.3d 475, 481 (7th Cir. 2007) (Although the Seventh Circuit found the evidence to be a new line of impeachment, the Court determined that the evidence was not material as the other evidence against defendant was substantial)**.  At trial, the Government put on numerous other witnesses discussing the events surrounding the robbery.   Included in those witnesses were co-defendants Eric Lavergne and Lee Fielding who testified about Defendant Brown's role in the bank robbery.  Further, there was evidence that money taken during the bank robbery was found by the police near Defendant Brown during his arrest.  Clearly, evidence that Gray had received money from the Marshals for his assistance in locating another co-defendant

was not material as there was substantial evidence offered at trial which supports the outcome of the verdict.   Therefore, the evidence regarding Darrell Gray does not constitute a *Brady* violation.

## C.    Vouching

Brown also insists that the Government engaged in misconduct by vouching during trial.   Specially, Brown argues that the Government improperly vouched for its witnesses during its closing arguments.   These arguments, however, are meritless.   Brown argues that the following statement made by the Government during its closing was vouching:

> When Mr. Shostak commented on who's sitting in that chair, he talked exclusively about Lavergne and Fielding and about their plea agreements and about their possible motive to lie.   Somehow I'm confused because he didn't talk about the other people who were sitting in that chair.   Let me show you what I mean.   I want to get the plea agreements for Darrell Gray, Caveta Chapman, and Vicki Harris and explain to you what they're going to get from their testimony.   Let me find those plea agreements.   Just take me a second.   Oh, I'm sorry. They don't have plea agreements, do they?   Because they're not looking for a sentence cut.   They have no motive to lie.   In addition to Fielding and Lavergne, we also heard from Darrell Gray, Caveta Chapman, and Vicki Harris....   They don't have any motive whatsoever to get up and tell you a pack of lies.   If anything, Caveta Chapman, who has Rodney Brown's child, has the opposite kind of motive...

(*See* Doc. 257 pp.7-8; Doc. 229, Transcripts pp. 67-68).

A prosecutor is not allowed to improperly vouch for the credibility of a witness.   ***United States v. Colins*, 223 F.3d 502, 510 (7th Cir. 2000)**.   Two types of vouching are considered improper: "a prosecutor may not express [his] personal belief in the truthfulness of a witness, and a prosecutor may not imply that facts not

before the jury lend a witness credibility." ***United States v. Alviar*, 573 F.3d 526, 542 (7th Cir. 2009) (citing *United States v. Renteria*, 106 F.3d 765, 767 (7th Cir. 1997)); *See also United States v. Thornton*, 197 F.3d 241, 252 (7th Cir. 1999)**.  However, Defendant does not state which of the two improper methods the Government employed.  Instead, Defendant merely states that the Government was lying about the witness because of the existence of an immunity statement and information regarding Gray being a confidential informant.  However, as has been previously discussed Defendant's belief that an immunity agreement existed is not accurate and although the Government did turn over information that Gray was a confidential informant, he did not have a plea agreement.  Further, the Government's statements are not considered vouching.   All the prosecutor did in this case was discuss the witnesses' motives for telling the truth presented from the evidence.  ***See Collins*, 223 F.3d at 510-11 (government free to "invite jury to draw a particular inference" from the evidence presented in the case); *Alvair*, 573 F.3d at 542 (prosecution free to introduce evidence that plea agreements are conditioned on truthfulness while defense is free to argue for the opposite inference).**  The prosecutor did not express his personal belief nor did he draw on evidence not in the record.  Therefore, the Court finds that there was no improper vouching on the part of the prosecutor.

**D.     Jury Instructions**

Defendant also objects to the jury instructions under a section he labels

"improper jury instruction."   However, Defendant fails to point to any jury instruction which he deems improper.  Instead, Defendant cites numerous cases regarding an accomplice's testimony as well as testimony from an informant. Defendant utterly fails to state which jury instruction was improper or another instruction that should have been given in its place.   Defendant offered no instructions regarding the testimony of an informant at trial, nor did his attorney object to any of the instructions regarding testimony of witnesses and thus has waived this argument.   Further, Defendant's vague arguments regarding witness testimony are not enough to justify a miscarriage of justice warranting a new trial.

**E.      404(b) Evidence**

In Defendant's final argument, Defendant argues that he should be granted a new trial due to "inflammatory and inadmissible 404(b) evidence." Defendant argues that testimony regarding the discovery of guns and a bullet-proof vest was irrelevant and not tied to the charged crime.  Presumably, Defendant is referring to testimony from Caveta Chapman that she picked up a duffle bag from Defendant on the day of the robbery and upon opening it several days later, discovered two guns, a bullet-proof vest like those worn by police, and money.  (*See* Doc. 228 pp. 40-45).   Defendant argues that this evidence was improper under **FEDERAL RULE OF EVIDENCE 404(b)**.   The Government argues that it did not present any 404(b) evidence.

**FEDERAL RULE OF EVIDENCE 404(b)** provides that: "[e]vidence of other

crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." **FED.R.EVID. 404(b)**.  However, the Seventh Circuit has held on numerous occasions that evidence that is inextricably intertwined, that is evidence of acts "concerning the chronological unfolding of events that led to an indictment, or other circumstances surrounding the crime" do not fall within the purview of Rule 404(b). *United States v. Senffner*, **280 F.3d 755, 764 (7th Cir. 2002).  *See also United States v. Cox*, 577 F.3d 833, 838 (7th Cir. 2009) (the Seventh Circuit has "consistently held that evidence of acts that are closely related to the crime for which a defendant is on trial is different" and admissible so long as relevant); *United States v. Boliver*, 532 F.3d 599, 605 (7th Cir. 2008) (statements regarding knowledge of drug trafficking admissible because evidence of the crime); *United States v. Heath*, 447 F.3d 535, 539 (7th Cir. 2006) (evidence of counterfeit checks found at defendant's brother's home were admissible because the items were "evidence of acts that are joined with the crime itself," namely a scheme of fraud through use of counterfeit checks).** Evidence that tends to complete the story or which would create a "chronological void" in the story, or evidence "that [is] so blended or connected that [it] incidentally involve, explain the circumstances surrounding, or tend to prove any element of, the charged crime" is not other acts within the definition of **FED.R.EVID. 404(b)**.  *Id.* **(citing *United States v. Hughes*, 213 F.3d 323, 329 (7th Cir. 2000), *vacated on other grounds*, *Hughes v. United States*, 631 U.S. 975, 121 S.Ct. 423, 148**

**L.Ed.2d 432 (2000)).**  The evidence is admissible as long as it is relevant under **Rule 401** and is not excludable for any other reason, including under **Rule 403.** *See Cox*, **577 F.3d at 838**.

Here, Defendant argues that the evidence of guns and a bullet-proof vest is inadmissible under Rule 404(b).  However, clearly evidence of guns, police vests, and money discovered in a duffle bag given to the defendant's girlfriend by the defendant on the day of the robbery is inextricably intertwined with both the aggravated robbery itself as well as the Defendant and his co-defendants flee from the crime scene.  Clearly the evidence is either evidence of the crime itself or at the very least completes the story of the crime, explaining events that occurred during or directly after the commission of the crime.  Further, the evidence is clearly relevant to Defendant's involvement in the commission of the crime.  Therefore, the evidence was not "other acts" within the meaning of 404(b) and thus was admissible.

### IV.   Conclusion

Accordingly, the Court **DENIES** Defendant's motion for new trial (Doc. 257) on all grounds.

**IT IS SO ORDERED.**

Signed this 28th day of January, 2010.

/s/  *David R Herndon*

**Chief Judge**
**United States District Court**

Page 16 of  16